We're ready to call our first case, and I'll ask forgiveness if I get the name incorrect, Sathanthrasa v. Atty Gen USA. Viswanathan Rudrakumaran May it please the court, my name is Viswanathan Rudrakumaran. I represent petitioner Santhakumar Sathanthrasa in this matter. And how do you say the gentleman's name again? Santhakumar Sathanthrasa. Sathanthrasa. Yes, Your Honor. Okay. All right, please proceed. Yes, thank you, Judge. I would like to reserve three minutes for rebuttal, Your Honor. Go ahead. Your Honor, in this case, the petitioner has been separated from his wife for the last four years with the possibility of permanent separation. The petitioner has been separated from his 11-year-old and 4-year-old children with the possibility of a destruction of the whole family, Your Honor. Right. We've read the briefing, and we understand the stakes are significant for this man and for his family. Can we ask you about the pending regulation that has been published for comment? Is that going to moot this case? Does that – I mean, it seems your central argument is there is this regulation. It requires the IJ to engage in a balancing process. There are mandatory things that have to be looked at. He didn't do that, and he didn't do that after he was told to do that, and that's a problem. Now, if this new regulation goes into effect, which says you don't have to do that, is this case over? Is it moot? No, Your Honor. With respect to those regulations, Your Honor, in addition to the elimination of 208.16E, they also talk about some proposed regulations pertaining to the criminal matters. Regarding the criminal matters, it explicitly states that the regulation will take effect only after it becomes final. It's a prospective. That explicitly states. With respect to the last one, Your Honor, they are not saying anything about it. Probably it seems to be they are not paying – they are not giving much attention to this one because they are saying – what they are saying is that this regulation seems to be confusing. It's inefficient. What would it mean for our holding here for any future case? Would our holding be limited to this case, or are there other cases like it where this issue is pending around the country? You know, two things. First of all, we are not quite sure whether this will become a final regulation, Your Honor. There are some rulemaking with respect to the children that has never become final. Moreover, the 30 days have not lapsed, and the organizations have asked for additional 30 days. So at this moment, we are not quite sure whether this will become a final regulation. What is the – it was published the middle toward end of last month. Comment period closes – January 21st, Your Honor. Right. But then organizations have asked for additional 30 days extension. So we don't know when it's going to be final, if it's going to be final. Secondly, even the regulation, if you look at – they are not saying that the family unification is not an important matter. They are citing the case, the Sixth Circuit case, saying family unification is a crucial factor. What the proposed regulation says, we don't need this particular regulation. The judge should consider in his regular analysis of the discretion. So it is not going to – there are two things, Your Honor. First of all, we are not quite sure whether this will become a final. Secondly, as far as my case is concerned, I do not presume it's going to have a retroactive effect because there's nothing in the regulation indicates it's going to have a retroactive effect. Thirdly, even if this one is – Stop on that second one. What did you say again that it's not clear that would it apply? Retroactively, Your Honor, because my client filed the case started in 2016. So even if this regulation becomes final, it doesn't – I don't think it will not have any impact on my client's case. Isn't it the general rule that it would have an impact? The rule in Chenery, doesn't that indicate that – well, you tell me. What is the general rule? The general rule is unless, of course, Congress explicitly states that it will have retroactive effect, the general rule is always is prospective. Well, that's if you're talking about a statute. We're talking about a regulatory enactment by the body that's doing the regulation. And isn't the rule just the opposite, that, in fact, generally, if there's a new regulatory enactment, that that is what's going to govern things going forward, even things that are in process? No, Your Honor, because if you look at these criminal sections and also the third country, the other regulation they passed in August, it is applicable only to people who have crossed the border since July 16th. Right. Indeed. That would – the fact that they make a point of saying what they intend to be only prospective, doesn't that indicate that where they haven't made a point of saying this is only prospective, they mean to follow the general rule that it will be applicable? The general rule, Your Honor, my understanding is even for regulation, if it is going to be retroactive, it should be explicit. Even the congressional authority must be explicit under the Landgraf case, Your Honor. So it should – unless the presumption is always prospective, unless, of course, it's explicitly stated. What case are you relying on for that? The Supreme Court case, Your Honor, the Landgraf versus – it is 511 U.S. 244. What's the name case? L-A-N-D-G-R-A-F. It's about statutory enactments, right? Yes, Your Honor. There's a distinction here. We're not talking about a statute. We're talking about a regulatory change. And I thought – and you certainly are free to correct me – that the general rule in administrative law was that if an agency changes its regulations, even in the course of litigation, the opposing litigant is held to the new rule. That's not what Chenery says? I'm not quite sure on that particular issue, Your Honor, with respect to Chenery's decision. So to be clear, and maybe putting this a different way, the sole basis for your argument that this would be prospective only is that you are anticipating, if this is promulgated, if it's passed, that it will also include this provision that it only applies to applications filed on or after the effective date of the final rule. Yes, Your Honor. But even if you say that it has a retroactive effect, the fact that even these proposed rules, they are giving importance for family unification. So even if you say that we take away this particular regulation, then our argument is, our counter, our alternative argument, the judge did not consider or did not give enough weight for family unification. So that is also an alternative argument, Your Honor. First, we are arguing the regulation says, the current regulation says it's a mandatory. You shall, you shall reconsider. Our position is he did not reconsider it. Well, part of the proposed rule in its explanation says that there's an inefficiency in making an immigration judge do that a second time. Yeah, what they are saying is they are not taking away the importance of family unification. They said we don't need it. They are saying the proposed rule is saying we don't need this mandatory language. In the course of the exercise of discretion, the judge has to take into account and they are citing the case where it says this is a crucial factor. Mr. Rudrakumaran, though, aren't you, are you arguing that even if this goes into effect and it has applicability to your client that you still win? Yes, Your Honor, because, yeah. How can that be when the whole of your argument is this is a mandatory balancing test and the stated purpose of the rule change is to say this is no longer a mandatory balancing test? No, it is, but it doesn't say this factor is not an important factor. The proposed rule doesn't say that. That's true. It doesn't say that. In fact, it goes out of its way to say it recognizes that family reunification, you know, is a significant thing, but what it doesn't say is, and immigration judges, you have to do this. And that's the whole, I thought, and I may have misread it, but I thought that was the whole point of your argument. Your whole point was the regulation doesn't give an I.J. an option not to do this, and the I.J. here didn't do it, and he didn't do it twice, even when he was told to do it. Yes, Your Honor. And the proposed rule says you don't have to do it. So how could you still win if this applied? Then, Your Honor, say we take this mandatory language out. The question is the I.J. has to balance the positive factors and negative factors. And our argument is family reunification is a positive factor, which he did not take into account in balancing positive versus negative. In fact, he did not engage in balancing at all. There was no balancing whatsoever. He just simplified the three negative factors. That's it. Counselor. I presume your thought is that even if the new rule is promulgated, that there will still have to be a balancing of the negative and positive factors, and that even if you just focused on that balancing, you should still prevail even if family unification is set aside. Yes, Your Honor. Even if this mandatory rule is taken away under the no regular balancing test, our argument will prevail because the judge did not engage in balancing at all. Is the balancing test still one of the primary factors even under the proposed promulgated rule? Yes, Your Honor. They explicitly state, and not only that, they even state that the family unification is a crucial factor. They are not diluting or diminishing the family unification. Let's put family unification to the side for a moment. And just talk about what the proposed rulemaking says on, or I guess it's a proposed regulation, what it says on positive and negative factors. It says as in a discretionary, when the judge exercises discretion, he has to balance positive as well as negative factors. That is taken for granted. They are not disputing that. What's your argument on this point? Now, Judge Jordan has asked just several questions about what the effect of the regulation is going to be as it relates to family unification. And that if it's no longer a mandatory consideration, it's clearly a part of those factors that should be considered. So how would you articulate the absence of that consideration going forward? If the I.J. is no longer mandated to consider it, what should be the consequence of not considering it? Our question is the I.J. need not have a mandatory language to consider this factor. In a regular course of discretionary decision, Your Honor, he has to balance positive as well as negative factors. And the case law says, which is cited in the proposed rulemaking, family unification is a crucial factor. Counsel, if this reverts to something that is truly, totally discretionary. Yes, Your Honor. And your argument could no longer be that the agency is violating its own rules and not taking into account something that is required to take into account or a procedure it's required to undertake. Would the federal court, would we even have jurisdictions review that? Sure, Your Honor. Even though it's a differential review, the courts have explicitly stated, you don't give a blank check to the I.J., even in a discretionary matter. They think if you don't balance it, then the I.J. is acting contrary to law. That is the standard. So it's not that we are not giving a blank check to the I.J. Would you go about second-guessing the balancing? In other words, if that were the case, and we have here a footnote indicating that the I.J. did consider the regulation. Just briefly, I'll comment, Your Honor. The thing is, our argument is there was no balancing at all. He just considered. We don't know what factors he took into consideration. We don't know. But we can give a clue in the closing argument on page 138. I argue that saying that this is an important factor, and the judge's response was, I don't care. He said, I don't take that into consideration. That was on page 138, Your Honor. Right, and that was before the remand. And I guess the point that's being put to you is, you've got some pretty dang good grounds to argue that there wasn't balancing consistent with the regulation based on the way the regulation is now. But if the regulation and its mandatory character is eliminated, what gives us jurisdiction to dig into what the I.J. says? If the I.J. says, I'm doing this as a matter of my discretion, and I've considered the regulation. And that's what he does say on the remand. But he has to give a recent decision for the courts to say, the courts to review. That's the key point, right? Yeah. When you say he has to do that. He has to give a recent decision, whether he balanced it or not. All right. Well, we've got your position. Thank you very much. We'll have you back on rebuttal. Thank you. Thank you, Your Honor. We'll hear from the government. Good morning. May it please the court. Todd Cochran on behalf of the Attorney General. The court should deny the petition for review because the agency did not abuse its discretion when it reconsidered, as required, and denied Mr. Santakumar's asylum application following a granted withholding of removal. Counsel, just as a threshold matter, are you withdrawing your motion to dismiss for lack of jurisdiction? Yes, Your Honor. We believe we conceded that in response to the court's order, and we can formally withdraw that, yes. All right. And is this case moved? Is it going to be moved? Is there a high likelihood that it's going to be moved? Are we here? Let me refine that. Is there a circumstance under which it would not be moved? I believe so. Regarding if it's moved, I agree to some extent with my opposing counsel that it is a proposed rule at this point in time. The comment period doesn't end until a week from today, and different entities have asked for an additional 30 days to respond. So DHS and DOJ, they don't know what the rule is going to look like in final form, if it will ever be promulgated, what it will look like when that actually happens, when that may be. It may be a long way off. So what's the government's position it may be a long way off? Is the government's position, hey, don't hold this, don't guess, just decide this case? Yes, Your Honor. I think we should move forward. I don't think it impacts this case. I also agree there's nothing explicit in the discretionary denial removal portion of the proposed reg that says it applies retroactively. It does say in the criminal grounds discussion, which is the majority of the proposed rule, that it will only be applied prospectively. There's an absence of that language, as Your Honor pointed out. And what's the general rule with respect to changes in regulations? Well, I- Or not apply to litigation in process. Well, I also believe that the rule would be if it didn't specifically say it was retroactively, it would be applied only prospectively. So I think a situation where the proposed rule could come into play would be if the rule, if this court were to remand this case back to the agency, the rule were to go into effect then in the way that it is currently constructed, the board then denied without the reg in place, then Mr. Santacumar could appeal that board decision or challenge the reg itself at that point in time. But there's a lot of possibilities between here and there. Well, I'm not sure I followed that, and I apologize. Is it or is it not the general rule that a change in regulation is applicable to a litigation in process? In other words, it's not a retroactivity analysis a la Landgraf? I appreciate the court's point. It's not a point, it's a serious question. I'm trying to get you to answer that question. As a matter of law, what's the government's position? The government believed that it would only apply prospectively. Based upon discussions within my office, I cannot cite the court a case that I appreciate the court's comment on that. I apologize. Counsel, let's assume we're proceeding with the current regulation applying to this case. Is it really the government's position that a footnote indicating that an IJ has, as a general matter, considered the regulation is sufficient to comport with the reg, with the remand instructions of the BIA, and with BIA precedent? That is the government's position. We believe that the immigration judge, maybe inartfully, but in the first decision, balanced the factors and looked at the fact that he determined that Mr. Santakumar did not experience past persecution in Sri Lanka. He waited for six years to depart, lived, worked openly. He came here to the United States with no claim of past persecution, applied for asylum. And then he gave some, again, inartful language, some marriage discussion, some discretionary discussion. You know, he said two times in the first decision on pages 76 and 77 of the record that he was denying the exercise of discretion. So what? I mean, what difference does it make if he says it, if the regulation says, here are the things you have to consider, and you can read the man's decision and see he didn't say anything about it. What difference does it make if he utters the word discretion? Well, he, yes, I understand that it is difficult to follow. He did cite the regs. It's not difficult to follow. It's just not there. And the BIA said it's not there. Well, it's not there in the second one. You point us to where in that decision on remand there's a discussion of any sort about family reunification. There is not, Your Honor. Simply the footnote. Well, counsel, in his. It's not in the footnote either. The footnote just says I've looked at the reg. And in the transcript of the hearing, as your adversary points out, when this issue, when the issue of wife and children was raised, the IJ said that has nothing to do with my decision. And when counsel tried to raise it again, that the petitioner was, quote, getting into areas that the IJ didn't care about. With that record, with the particular record on this case, how could we possibly be comfortable that the IJ, in fact, considered something that he expressly states he's not going to consider? Well, Mr. Santakumar, I understand that the court's saying it is difficult to follow. Yes. Mr. Santakumar also didn't provide a lot of testimony regarding his wife and children. For example, he was asked on page 121, sir, if your wife can live in Sri Lanka, why can't you live in Sri Lanka? And he said she didn't go make a complaint. She has two children. So, therefore, she has no problem. You didn't testify anything else about her? You're, you know, these are all interesting things you're saying, but I'm not getting the sense that you're being responsive to our questions. The question that's being put to you is, what do you rely on? Other than the bare statement, I've exercised my discretion, and a citation to a regulation. No comment about it except I've looked at it. What do you rely on, if anything, to support the assertion that the mandatory balancing took place and that the court considered family reunification? Because if you've got nothing else, that's it? That's the universe? That's the universe, Your Honor, yes. Okay. And you think that comports with 1208? The government contends that it does. Again, Mr. Santakumar didn't offer much testimony about his wife and children being in danger in Sri Lanka or about wanting to have them come join him in the United States. Is there anything in the regulation that says to the IJ, hey, if you don't get a lot of information here, you can just ignore this and you don't have to balance? No, not in the regulation, Your Honor. There is some unreported case law from other circuits that I'm sure the court is aware of where the IJ, ZHU from the Fourth Circuit, which actually is reported, the IJ doesn't need to analyze the list. Every factor must be discussed and balanced for relevant factors. And here the government contends Mr. Santakumar did not put any evidence on the record about his children and his wife, about his concern about them in Sri Lanka or about them rejoining him in the United States. How about the case law from other circuits which they focus specifically on family reunification and they focus specifically on the IJ in those prospective cases taking specific note of 1208-60D and discussing family reunification? I think those can be distinguishable because in those cases, for example, Santu from the Fourth Circuit, it's an unpublished decision. The petitioner was Ethiopian, came to the U.S. via Norway. His wife and son remain in Norway. He offered extensive testimony about his wife and his son, the family hardship. What about Kalubi and Huang, which are both reported cases? In Huang, in that situation, the court determined that the immigration judge failed to undertake an examination of the totality of the circumstances and focused only on the alleged embellishment of his testimony and the use of a smuggler and didn't discuss the positive factors, one of which would have been the U.S. case. The court said in Huang family reunification has expressly been recognized as a crucial factor in weighing asylum as a discretionary matter. Yes, Your Honor. I agree. Okay. Well, if that's the case, then what is the relevance of either the existence or nonexistence of a presentation by the petitioner of information in this regard? You keep telling us, well, they didn't give much information, but the regulation says, quote, factors to be considered will include the reasons for the denial and reasonable alternatives available, such as reunification with spouse or minor children. What in there makes it relevant how good a job the petitioner does or doesn't do in presenting evidence? Well, all I can offer is if the petitioner doesn't provide the information for the court to consider, the court did not consider it in that situation. So there was no testimony regarding his family, so the IJ did not balance it. He simply cited the regulation saying that I considered this sort of an exegesis argument, I considered all the factors and reaffirmed his discretionary decision the second time around. Reaffirmed his decision and asserted it was discretionary. Yes, Your Honor. All right. Okay. Thank you, Your Honor. We've got the government's position. Thank you. Thank you, Your Honor. Your Honor, with respect to the regulation, the Supreme Court talked about this in INS versus CENCIAR 533 U.S. 286, 2001, and it was cited in the Ninth Circuit decision, Your Honor, Kamala K versus INS 335 F.3D 858. And there it says, Your Honor, in accordance with Landgraf, if the agency decides to apply new regulations retroactively, it must take that intention clearly and unambiguously. The language must be so clear that it could sustain only that interpretation. This is the matter. Regarding the merits of the case, the government argued that the petitioner did not give enough evidence about the wife and the children. It doesn't matter. The wife might have a better life and have state protection in that country, or the children might have a better life. That doesn't matter. What matters is, is he married? We are talking about family unification. We are not talking about the safety of the wife. We are not talking about the safety of the children. It doesn't matter. The only thing that matters is whether they are married or they have children. So that's what matters, Your Honor. And I am not going to argue the merits or the discretion. Leave aside 1208E. Our argument, the judge did not engage in balancing. The judge did not take the proper factors into balancing. I am not going to argue whether the merits of the balancing. Our argument, he did not engage in balancing at all. That's our argument. Thank you. Thank you. Appreciate the argument, counsel. We've got the matter under adjournment.